UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                          Case No.  8:10-cr-110-T-24-EAJ

SAMUEL MANDARELLI

_____/

## **ORDER**

This cause comes before the Court on Defendant Samuel Mandarelli's Motion to

Suppress items related to Count II  (Doc. 75) and Mandarelli's Motion to Suppress evidence

related to Count I (Doc. 76).  The Government has filed responses to both Motions (Docs. 86,

87).[1]  For the reasons stated below, Mandarelli's Motion to Suppress items related to Count II

(Doc. 75) is GRANTED, and Mandarelli's Motion to Suppress evidence related to Count I (Doc.

76) is DENIED.

## I. Background

Mandarelli was indicted for two counts of being a convicted felon in possession of a

firearm in violation of Title 18, United States Code, Section 922(g) after officers executed  a

search warrant at Mandarelli's rented home on December 15, 2009.  An affidavit of Special

---

[1]Mandarelli also filed Memoranda in Support of his Motions after the Government filed its responses.  (Docs. 89, 90).  However, Local Rule 3.01(c) states: "No party shall file any reply or further memorandum directed to [a] motion or response  . . . unless the Court grants leave."  Further, the Court explicitly advised Defendant's counsel of this fact at its April 14, 2010 status conference.  The Court has reviewed Defendant's memoranda but advises counsel that in the future, such filings will be stricken without consideration.

Additionally, all future filings requesting relief must—as required by Local Rule 3.01(a)—include citations to legal authority.  Failure to comply with this rule will also result in the filing being stricken without consideration.

Agent Ignacio Esteban of the Bureau of Alcohol, Tobacco, Firearms, and Explosives supported the warrant.  (Doc. 38, Ex. 1.)

The affidavit states that on July 19, 2009, Pasco County Sheriff's Office deputies responded to an overdose call at Mandarelli's residence in Hudson, Florida. (Id. at ¶ 3).  Upon arrival, Deputy Christopher Zick and Fire Rescue personnel observed Mandarelli lying on a couch.  Mandarelli was very lethargic and had difficulty speaking to Fire Rescue personnel. Id. Mandarelli informed them he had taken approximately ten Xanax and wanted to die. Id.  Deputy Zick observed several firearms in the residence, including a black H&K .4 caliber semi-automatic pistol on the dresser in the bedroom. Id.  Deputy Zick also observed a bolt action .308 rifle with a Remington scope leaning against the bedroom wall.  Id.  Since Deputy Zick did not know at the time that Mandarelli was a convicted felon, the firearms were left in the residence, and Mandarelli was transported to a local hospital in Pasco County. Id.

On December 14, 2009, United States Magistrate Judge Thomas B. McCoun, III authorized the search warrant.  The proposed search warrant requested permission to search for controlled substances and for "any items reflecting criminal associations."  (Doc. 75, Ex. 2.) However, Judge McCoun explicitly excluded such items from the final warrant and authorized a search for only weapons and ammunition, and "[i]tems reflecting ownership, residency and/or occupancy of the property."  Id.  Officers executed the search warrant on December 15, 2009 and arrested Mandarelli.  (Doc. 75.)  Among the items seized were: (1) personal papers belonging to Mandarelli, including a journal of sorts; (2) names and telephone numbers from Mandarelli's cellular phone; (3) a driver's license belonging to a deceased individual reputedly tied to the

Outlaw Motorcycle Gang; (4) a Nazi button or pin; (5) various items reflecting events associated with the Outlaw Motorcycle Gang; and (6) marijuana.  Id.

Mandarelli now argues that the Court should (1) invalidate the search warrant; (2) suppress any evidence of controlled substances or any items reflecting criminal associations; and (3) prohibit the Government from submitting any fruits of the search of Mandarelli's home at trial, specifically to include observations of the firearms allegedly seen in the home during the administration of medical assistance.  (Docs. 75, 76.)  The Court denies the request to invalidate the search warrant, but Mandarelli's other two arguments are discussed below.

## II.  Motion to Suppress Items Related to Count II

Mandarelli argues that officers executing the December 15, 2009 search were not authorized to seize the items listed above.  (Doc. 75.)  In response, the Government states that it does not intend to introduce names and telephone numbers from Mandarelli's cellular phone; the driver's license belonging to a deceased individual reputedly tied to the Outlaw Motorcycle Gang; or the Nazi button or pin.  (Doc. 86.)  The Government does, however, argue for the immediately apparent evidentiary value of the marijuana and the Outlaw Motorcycle Gang paraphernalia.

At the outset, the Court notes that the marijuana was clearly contraband and therefore properly seized.  But it was not covered by the search warrant, and it is not relevant to the charges against Mandarelli.  Therefore, it should be excluded from trial.  Similarly, the personal effects related to the Outlaw Motorcycle Gang should be excluded from trial as they were excluded from the search warrant, and they are irrelevant to the charges against Mandarelli.

The Court notes, however, that Mandarelli's Motion is vague with respect to the "[p]ersonal papers belonging to Mr. Mandarelli." If this category of items includes only the journal attached to the Government's response (Doc. 86, Ex. 1), then the Court agrees that the evidence should be excluded. But to the extent that the personal papers relate to the ownership or occupancy of the home, they would potentially be admissible at trial. With this caveat in mind, Mandarelli's Motion to Suppress these items is GRANTED.

## III.  Motion to Suppress Evidence Related to Count I

Mandarelli argues that the Government should be prohibited from introducing evidence related to the June 19, 2009 overdose incident because "[t]here was no search warrant" and "[t]here was no exigency which would have vitiated the need to obtain a warrant to search any area other than . . . the area immediately surrounding [Mandarelli]." (Doc. 76.) This argument is without merit. Deputies came to Mandarelli's home based on an emergency—of Mandarelli's making—and there was an exigent need to search for guns, pill bottles, or other information necessary to rendering medical aid and to ensure the safety of Fire Rescue and Sheriff's Office personnel on the scene. Based on the evidence now before it, the Court sees no reason why individuals present on June 19, 2010 should not be permitted to testify to what they observed, including that there was a loaded firearm in plain sight. Mandarelli's Motion to Suppress this evidence is therefore DENIED.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)  Mandarelli's Motion to Suppress items related to Count II (Doc. 75) is GRANTED, to the extent explained above; and

(2)  Mandarelli's Motion to Suppress evidence from a search related to Count I (Doc. 76) is DENIED.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of May, 2010.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record